WARD, Judge.
The State filed a petition in juvenile court charging Kevin Brown with committing the delinquent act of possession of cocaine. Before he could be brought to trial in juvenile court Brown reached the age of seventeen. After he reached seventeen, he was arrested for another narcotic offense and the State filed a bill of information in Criminal District Court charging him with possession of cocaine. Brown pled guilty in Criminal District Court to the charges, and the Criminal District Court judge sentenced him to four years in the custody of the Department of Corrections, but the court ordered the sentence suspended, placing Brown on probation for two years.
After Brown was sentenced in district court, the State sought to bring Brown to trial in Juvenile Court for the charge of committing a delinquent act by possessing cocaine, but the Juvenile Court judge dismissed the petition, holding that the Juvenile Court did not have jurisdiction over Brown, relying on Ch.C. art. 313(5). In a per curiam, the Juvenile Court judge also refers to Ch.C. art. 876 as justification for dismissal. The State now appeals the Juvenile Court judge’s ruling, arguing that the juvenile court erred when it declared it did not have jurisdiction. The State also answers the trial court per curiam by arguing that if the Juvenile Court judge dismissed *1073 the charges based on Ch.C. art. 876, then the judge abused his discretion.
We first consider whether Ch.C. art. 313 divests the Juvenile Court of jurisdiction. Art. 313, in its relevant part, states:
A court exercising juvenile jurisdiction no longer exercises such jurisdiction in any proceeding authorized by this Code upon:
(5) Expiration, satisfaction, or vacation of a juvenile disposition or adult sentence.
The “Comment” by the drafters of the code says:
This article is new. It is based upon C.J.P. Article 89 but is expanded to apply to all proceedings with juvenile court jurisdiction.
[[Image here]]
C.J.P. art. 89 read:
G. If a child is adjudicated a delinquent ... and that child subsequently commits a felony for which he is tried as an adult and is convicted of or pleads guilty to that felony, then any juvenile judgment of disposition shall not remain in force as of the date of conviction of the offense for which he was tried as an adult, nor shall the juvenile earn diminution of sentence on such adult felony sentence.
Professor Lucy S. McGough, Project Coordinator of the Children’s Code, in an introduction to the Children’s Code, LSA-Ch.C., emphasizes “Reform of existing laws has not been a goal of the Children’s Code Project. Only two titles of this Code represent significant revisions of former law:” [Titles VII and IX; not Title II, art. 313, the article of interest here].
Before the Children’s Code was adopted, C.J.P. art. 89 by its literal terms applied only to juveniles who had been adjudicated a delinquent. The official comment to Ch. C.P. art. 313 says the article was “expanded to apply to all proceedings with juvenile court jurisdiction”. As the comments indicate, Ch.C.P. art. 313 expanded the concept to apply to all proceedings: transfers, and expirations of informal adjustments, informal family service plans, in addition to the “Expiration, satisfaction, or vacation of a juvenile disposition or adult sentence.”
In light of the legislative history and those comments, we interpret Ch.C. art. 313(5) as a restatement of C.J.P. art. 89 as to a child adjudicated a delinquent, but expanding the rule to other juvenile court dispositions so that juvenile court jurisdiction ends when there has been a judgment of the court that adjudicates the child to be a delinquent, as before under C.J.P. 89, but in addition, juvenile court jurisdiction ends when there is an adjudication that either a child is in need of care or that a family is in need of services, as expanded by Ch.C. art. 313.
In addition to Ch.C. art. 313, the Juvenile Court judge’s per curiam shows the court relied on Ch.C. art. 876. Although art. 876 of the Children’s Code gives a trial court exercising juvenile jurisdiction the right to dismiss a petition for good cause, the trial court in this case indicated that it was dismissing the petition because the court lacked jurisdiction. This was not good cause because as we have held, the court has jurisdiction. This does not mean that if other reasons exists which show good cause that the trial court may not dismiss the petition.
For the foregoing reasons, the judgment of the juvenile court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.
REVERSED.