I2LOBRANO, Judge.
Quvadias Ruffin was charged in Juvenile Court with simple battery. He pled guilty and was adjudicated a delinquent on September 10,1977. Disposition was deferred pending a pre-disposition report by the Office of Youth Development. When the case was brought for disposition on November 10, 1997, Mr. Ronald Evans, a probation and parole office with the Office of Youth Development, advised the court that subsequent to Ruffin’s guilty plea in juvenile court, he pled guilty to misdemeanor theft in Municipal Court and was sentenced to thirty days in Orleans Parish Prison.
Ruffin moved to have the juvenile proceedings dismissed because of his conviction and sentence, which he had not yet completed, in “adult court.” The juvenile judge granted the motion and orally indicated he was doing so because he felt the juvenile court lacked jurisdiction once Ruffin had been convicted and sentenced as an adult. Although the court relied on Children’s Code article 899, that was an obvious error. The court had to mean Children’s Code article 313(5) which had, as a source provision, article 89 of the former Code of Juvenile Procedure. Regardless, the court subsequently (November 17) issued written reasons wherein the court held that article 876 of the Children’s Code was the basis ^for dismissing the charges. In particular, the court found that good cause existed for dismissal because the defendant had now reached the age of seventeen, had been convicted of a crime as an adult and had *451 entered the adult system. The court reasoned that “[a]s with any other adult convicted of a crime, his participation in the adult system serves both his needs and the interests of society at this time. The juvenile probation system offers no meaningful assistance to the juvenile which is not already addressed in the adult system, and participation in the juvenile system would consequently serve no purpose at the time.”
The State perfects this appeal. It argues that the court was in error in finding it lacked jurisdiction to sentence the juvenile once he had been sentenced as an adult. In particular, the State refers us to State In the Interest of Kevin Brown, 615 So.2d 1072 (La.App. 4 Cir.1993) wherein we reversed a similar dismissal granted by the same juvenile judge. Ruffin counters that argument by pointing out the factual differences in the Brown case and in particular the fact that there had been no adjudication of the juvenile in Brown prior to his adult conviction whereas in this case there had been an adjudication.
While the arguments of both parties have merit, we need not decide whether the rationale of Brown is applicable simply because the State does not brief or argue that article 876 is inapplicable. Children’s Code article 876 provides: “For good cause, the court may dismiss the petition on its own motion, on the motion of the child, or on motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney.”
While arguably the trial court’s initial reasons, given orally, suggest he dismissed the proceedings on jurisdictional grounds, his written reasons unmistakably show that he found good cause pursuant to article 876. That good Ucause consisted of a finding that defendant’s conviction and sentence as an adult served society’s interests and that continued participation in the juvenile system would serve no purpose. That conclusion is supported by the recommendation of the probation and parole officer assigned the case.
The State has presented no reason to disturb the court’s finding of good cause and our examination of the record suggests that there are none. Accordingly the judgment is affirmed.
AFFIRMED.