TERRI F. LOVE, Judge.
[, This appeal arises from juvenile proceedings in which the juvenile court judge dismissed the case based upon two other adjudications involving the same juvenile and the interest of judicial economy. We find that the juvenile court judge’s reasons did not constitute good cause for dismissal and reverse.

PROCEDURAL HISTORY

R.J. was charged with simple burglary of an inhabited dwelling, pursuant to La. R.S. 14:62.2. R.J. entered a plea of not guilty. The juvenile court judge received a letter from the Office of Juvenile Justice stating that it had custody of R.J. On the date of trial, the juvenile court judge dismissed R.J.’s case, pursuant to La. Ch.C. art. 876. The State’s devolutive appeal followed.

GOOD CAUSE FOR DISMISSAL

The juvenile court may dismiss a petition on its own motion for “good cause.” La. Ch.C. art. 876. The juvenile court is given great discretion when determining whether a case should be dismissed for good cause. State in the Interest of S.R., 08-0785, p. 4 (La.App. 4 Cir. 10/8/08), 995 So.2d 63, 65. “Although neither the Children’s Code nor the jurisprudence defines ‘good cause,’ it generally means ‘[a] legally sufficient reason.’ ” S.R., 08-0785, p. 4, 995 So.2d at 65-66, quoting Bryan A. Garner, Black’s Law Dictionary, 235 (8th ed.2004). Good cause must be supported by the record and is determined on a case-by-case basis. State in the Interest of M.B., 97-0524, p. 2 (La.App. 4 Cir. 11/19/97), 703 So.2d 146, 147. “The juvenile court is vested with broad discretion to arrive at solutions which balance the needs of the child with the interests of society.” State in the Interest of Davis, 96-0337, p. 2 (La.App. 4 Cir. 10/30/96), 683 So.2d 879, 880.
The State was prepared to proceed to trial with witnesses and victims. However, the juvenile court judge dismissed R.J.’s case based on the following:
The Court typically would sentence the juvenile in this matter to one year secure custody with a recommendation to the Stop Program. The Court finds it to be in the interest of judicial economy, in the best interest of the child and the parent that this matter be dismissed under Article 876. The Court sees no reason to supervise the juvenile under multiple cases while the juvenile is in the custody of OJJ. The Court deems it to be more appropriate for OJJ, for the juvenile, and for judicial economy, for the juvenile to be supervised under one matter.
[[Image here]]
The juvenile is in secure care right now serving 18 months on one case, one year on one case, the Court does not deem it to be in the best interest of juvenile for us to mess up his counseling, mess up his education, and bring him to Court on multiple days, in multiple Sections of Court to review it. The Court also doesn’t deem it to be in the best interest of the Office of Juvenile Justice who has to now transport the juvenile from a facility that’s outside the parish, which *515 pulls probation officers off the street, counselors out of the correctional facility, and security guards out of the facility for the purpose of providing multiple reviews on the same juvenile.
In the present case, the juvenile court judge cited to other adjudications of R.J. to constitute good cause and cited to no authority on which to base a finding of good cause. This Court, in State in the Interest of Ruffin, 98-0126, pp. 3-4 (La.App. 4 Cir. 7/22/98), 716 So.2d 450, 451, held that a case was properly dismissed because the juvenile was convicted and sentenced as an adult. We reasoned “[t]hat good cause consisted of a finding that defendant’s conviction and sentence as an adult served society’s interests and that continued participation in the juvenile system would serve no purpose.” Id.
In contrast, when as in this case the juvenile is facing multiple counts of juvenile delinquency, we cannot conclude that the continued viability of each delinquency proceeding serves no purpose. See La. Ch.C. art. 879(B) (providing that “[a]ll proceedings in a juvenile delinquency case involving ... a delinquent act which is a second or subsequent felony-grade adjudication shall be open to the public”); La. Ch.C. art. 901 D(7) (providing that in determining whether to suspend the disposition or probation a factor the court shall consider is the child’s lack of a history of prior delinquency when the child committed the instant delinquent act); La. Ch.C. art. 824(3) (providing that in determining bail a factor the court shall consider is the “child’s prior delinquency record.”).
Also, the right of the victim to have the delinquency charges against his attacker adjudicated should be taken into consideration. Indeed, the Children’s Code contains several provisions recognizing the rights of the victim of an alleged delinquent act. See La. Ch.C. art. 811.1 (outlining the rights of the victim of an alleged delinquent act); La. Ch.C. art. 811.2 (providing for a Victim of Juvenile Crime Compensation Fund); La. Ch.C. art. 811.3 (defining victim, victim’s family, and juvenile crime victim). Accordingly, we find that the existence of multiple adjudications of the same juvenile did not constitute good cause for dismissal pursuant to La. Ch.C. art. 876.

J¿DECREE

For the above mentioned reasons, we find that the juvenile court did not find good cause to dismiss R.J.’s case. We reverse and remand for further proceedings.
REVERSED AND REMANDED.