683 So.2d 879 (1996)
STATE of Louisiana in the Interest of Karwandra DAVIS.
No. 96-CA-0337.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 1996.
Harry F. Connick, District Attorney, Randy J. Dukes, Assistant District Attorney, New Orleans, for the State of Louisiana.
Before SCHOTT, C.J., and BARRY and LANDRIEU, JJ.
BARRY, Judge.
The State appeals the dismissal of a charge of reckless operation of a vehicle (La. R.S. 14:99) against a juvenile.
The 15 year-old female juvenile was arrested on December 9, 1995 at 12:30 a.m. for reckless driving of a 1986 Pontiac. Other charges, including a curfew violation and driving without a license, were noted on the Screening Action Form but were not included in the delinquency petition.
When the delinquency petition was called on January 9, 1996, the juvenile did not appear. Her mother, Sandra Davis, advised the court that Karwandra was aware of the hearing but was not present. Mrs. Davis said she attempted to locate her daughter that morning but was unsuccessful. Mrs. Davis told the court that she has experienced problems with her daughter running away from home, refusing to attend school, and not following any rules or regulations. Mrs. Davis also advised the court that her fiancee was the owner of the 1986 Pontiac and he did not wish to pursue any charges against her daughter, Karwandra.
The court dismissed the petition and noted that the owner of the car would not press charges. The court said that it was pointless to issue an attachment if the matter was not going to trial. The court referred the family to additional supervision by the juvenile system under the Family in Need of Services (FINS) Program.
The State focuses on the court's declaration that the car owner would not press charges and submits that a charge of reckless driving does not require the vehicle owner's consent or cooperation. However, La. Ch.C. Art. 876 provides:
For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner.

*880 The court shall dismiss a petition on the motion of the district attorney.
The juvenile court is vested with broad discretion to arrive at solutions which balance the needs of the child with the interests of society. Here the juvenile was charged with reckless driving. Balancing the needs of the juvenile and the interests of society, the court found that the juvenile would be better served by another component of the juvenile system. See La. Ch.C. Art. 781(A); La. Ch.C. 901(B). The court concluded that the petition should be dismissed.
The State mistakenly focuses on the district attorney's general power to control every prosecution under La.C.Cr.P. 61, but here the court dismissed the petition of delinquency pursuant to its express authority under La. Ch.C. art. 876.
The dismissal is affirmed.
AFFIRMED.
SCHOTT, Chief Judge, dissenting:
When the driver of an automobile is charged with reckless driving the ownership of the automobile is irrelevant. Equally irrelevant are the wishes of the owner of the automobile regarding the prosecution of the charge against the driver. Reckless driving endangers the public; it is an offense against public safety; it is not an offense against the owner of the automobile such as to allow him to drop the charge. The trial court's reference to the owner of the car as the "victim" of the offense constitutes a failure to recognize the purpose of traffic laws.
The action of the trial court in dismissing this charge in deference to the owner of the automobile was a clear abuse of the discretion provided by Ch.C. Art. 876. Not only was there no good cause, there was no cause at all. This juvenile is dispensed from facing a reckless driving charge for no reason other than the wishes of her mother and an individual who has nothing directly to do with the charge against the juvenile.
I would reverse the judgment of the trial court.