h JONES, Judge.
The State appeals the dismissal of a charge of simple burglary of an inhabited dwelling (LSA-R.S.14:62.2) against two juveniles. We affirm.
Sixteen year old brothers, R.W. and N.W[1], were arrested on November 25, 1996, and charged with burglarizing the residence of Ms. Velma Jean Mayeaux. On the day of trial, defense counsel filed a motion to dismiss citing the victim’s desire to drop all charges. The State opposed the motion and called Ms. Mayeaux to testify. Ms. Mayeaux told the court that she no longer wanted to pursue the charges because the defendants “paid their consequences already” and that she believed they should be given a “second chance” to allow them the opportunity to learn from their mistakes.
The court dismissed the delinquency petition noting that the victim testified that she did not wish to proceed in the matter. The court also noted that there was a Family in Need of Services proceeding pending.
|2The State appeals arguing that the victim’s desire that the defendants receive a second chance is not good cause under Ch.C. art. 876 because giving a “second chance” to an individual accused of committing a crime is best left to the trial judge after an adjudication of delinquency. Instead, the State maintains the analysis should focus on the district attorney’s power to prosecute when it is clear a crime has been committed.
Article 876 of the Louisiana Children’s Code provides:
For good cause, the court may dismiss a petition on its own motion, on the motion of the child or on motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney.
The Juvenile Court is vested with broad discretion to arrive at solutions which balance the needs of the child with the interests of society. State In Interest of Davis, 96-0337 (La.App. 4 Cir. 10/30/96), 683 So.2d 879. Although neither the Children’s Code nor jurisprudence defines the term “good cause”, in State In Interest of Davis this Court found dismissal of a delinquency petition appropriate after the victim refused to press charges. In State In Interest of Davis, as in this case, this Court noted the pendency of a Families in Need of Services hearing. (FINS) Ch.C. art. 726. The judge in this matter heard Ms. Mayeaux testify she wanted to drop “all charges” against the juveniles and concluded the intervention of FINS would address the needs of the juveniles, while serving the interests of society. Accordingly, we find no abuse of discretion in the dismissal of the petition for adjudication and affirm the ruling of the juvenile court.

AFFIRMED.

BYRNES, J., dissents with reasons.

. The names of the juveniles are to be main-tamed as confidential.