| iBYRNES, Judge,
dissenting.
I respectfully dissent.
The juvenile court dismissed the delinquency petition based on a charge of burglarizing a residence, and noted that there was a pending Family in Need of Services proceeding. The majority finds that the juvenile court has discretion to arrive at solutions which balance the needs of the child with the interests of society, citing State in the Interest of Davis, 96-0337 (La.App. 4 Cir. 10/30/96), 683 So.2d 879. That case involved a traffic violation, i.e. a charge of reckless driving, whereas the present case involves a burglary, which is a criminal charge. La. Ch.C. art. 876 does not state that the juvenile court has discretion to arrive at solutions which balance the needs of the child with the interests of society. A balancing test of the needs of the child and the interest of society usually are considered in the context of parental rights, child support, child custody, etc. I would interpret that the needs of the child should not be weighed in the context of determining whether criminal charges should be prosecuted. The needs of the child are best considered after an adjudication of delinquency at the disposition sentencing hearing.
La. Ch.C. Art. 876 provides for discretion for “good cause.” In the present case, none of the particular facts enumerated by the juvenile court serve to show |2good cause to exonerate the defendant from the effects of prosecution. I would consider good cause to *259 be where the victim recanted her testimony depending on the totality of circumstances in a particular case.
In the present case the victim did not recant her testimony. Instead, the victim did not want to pursue the charges because the defendants “paid their consequences already” and she thought they should be given a second chance. If the juvenile is found guilty, mitigating circumstances, including the needs of the child, should be weighed with the interest of society at the time of sentencing. If the juvenile court were found to have the discretion to balance the needs of the child with the interest of society and were to dismiss the juvenile criminal charges, in effect, the juvenile court would be taking into account the wishes of the person whose residence was allegedly burglarized.
I would not find that there was good cause to dismiss criminal charges against two sixteen-year-old juveniles. Crimes committed by juveniles have increased immensely. The person whose residence was burglarized is not the only victim. The public is also the ultimate victim. The charged offense of burglary or any criminal offense endangers the public. The State, which represents the people, should be able to prosecute the accused. If the State were to prosecute, and the victim refused to testify, the victim should be held in contempt and should be ordered to pay the costs related to the prosecution.
Accordingly, I would reverse the judgment of the juvenile court.