703 So.2d 146 (1997)
STATE of Louisiana in the Interest of M.B., et al.
No. 97-CA-0524.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 1997.
*147 Harry F. Connick, District Attorney, Matthew F. Popp, Asst. Dist. Atty., Orleans Parish, New Orleans, for appellant.
Before PLOTKIN, JONES and CIACCIO, JJ.
JONES, Judge.
The State of Louisiana appeals the judgment of the Juvenile Court, Section "C" for Orleans Parish, alleging that the trial court committed manifest error when it denied the State's Motion to Nolle Prosequi the above case when the State's only witness failed to appear and testify. The trial court dismissed this matter under Article 876 of the Children's Code.

STATEMENT OF THE CASE
M.B. was charged with the crime of battery of a school teacher (LSA-R.S. 14:34.3). On October 8, 1996, at approximately 10:07 a.m., Ms. Gail Carter, a school teacher at the New Orleans East Educational Center, was attempting to lock the school doors to prevent students from entering or exiting the building during a fight between L.H. and J.G. that was occurring outside of the building on school grounds.
M.B. witnessed the fight in progress. He pushed, shoved and virtually ran over Ms. Carter in an attempt to exit the building and join the fight before Ms. Carter could lock the doors. Once M.B. exited the building he joined in the fight until Police Officer Tokisheba had arrived.
Based upon the information provided by Officer Lane, M.B. was arrested and charged with battery on a school teacher and disturbing the peace by engaging in a fistic encounter. Officer Lane also arrested L.H. and J.G. on the charge of disturbing the peace by engaging in a fistic encounter.
The Defendants were placed on house arrest and a pre-trial conference was held on January 14, 1997, for Defendants M.B. and L.H. in Section "C" of the Juvenile Court. J.G. did not appear for the pre-trial conference. However, the judge set the case for trial on February 24, 1997, for M.B. and L.H.
When the case was called for trial, the victim and the State's only witness, Ms. Gail Carter, was not present. The judge verified that proper service was effected and ordered the State to proceed with the trial. The State informed the judge that it could not proceed until Ms. Carter arrived. The judge then stated that if the State did not produce the witness by 10:30 a.m., the case would be dismissed. At that point, the State moved to nolle prosequi the petition in the interest of the three Defendants. The judge denied the motion and dismissed this action under Children's Code Article 876, on motion of the court.

DISCUSSION
The State assigns as error the trial court's failure to grant its motion to nolle prosequi the charges against the three Defendants. We agree.
Children's Code Article 876 states: For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney. (Emphasis added).
"Good cause" is determined on a case by case basis and must be fully supported in the record. The State contends that it decided to nolle prosequi the case involving the three Defendants when its primary and only witness failed to appear in court on the day of trial. The trial court, in its reasons for dismissing the case, stated that the record reflected that Ms. Carter was properly served and was notified to appear in court on February 24, 1997 at 9:00 a.m. It further *148 stated that at the time the case was called for trial, the State notified the court that Ms. Carter was not present and it could not proceed to trial. The court admonished the State to either have Ms. Carter in court by 10:30 a.m. or the case would be dismissed. Immediately following the court's order, the State moved to nolle prosequi the case, but the trial court denied the motion and dismissed the case on its own motion.
We find the absence of the State's primary witness and the only victim in this matter at the time of trial, together with the court's order to have the witness present or suffer the case to be dismissed, constituted "good cause" for the State's motion to nolle prosequi. The trial court's failure to grant the State's motion was error.
The record does not reflect that the trial court recessed to provide the State time to secure Ms. Carter's presence nor does it indicate the time the trial court made its initial order to the State. The State had not previously moved for a continuance due to the absence of Ms. Carter and furthermore, the record does not reflect that the court ordered the State to call its first witness which would have commenced the trial. Because the case had not suffered multiple continuances by the State and had not officially started, the Defendants were not prejudiced by the State's motion and the trial court's dismissal was premature.
It also appears that the trial court dismissed the action only to prevent a dismissal by the State. This is not permissible under LSA-Ch.C. art. 876 or the Code of Criminal Procedure. LSA-C.Cr.P. art. 691:
The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.
The State timely moved to nolle prosequi the case before the trial court's order of dismissal. The issue of whether Ms. Carter had timely appeared for trial was irrelevant when considering the State's motion. LSA-C.Cr.P. art 691 and LSA-Ch.C. art. 876, gives the district attorney the exclusive authority to dismiss a charge against any defendant and this power cannot be shared with or compromised by the trial court.
[W]e note that the entering of a nolle prosequi rests entirely within the district attorney's discretion. [T]he prosecutor has the authority to dismiss a prosecution even after jeopardy has attached "subject only to the right of the defendant to insist upon a trial." State v. Christy, 593 So.2d 1322, 1327 (La.App. 1 Cir.1991).
Therefore, the State's motion was proper and the trial court's failure to allow the State to enter a nolle prosequi against these defendants was error.

DECREE
For the foregoing reasons, we find that the trial court's judgment of dismissal to be in error and we vacate the judgment of dismissal and remand this case to the Juvenile Court.
REVERSED AND REMANDED.