1McKAY, Judge.
On Monday, August 30, 1999, at 4:20 p.m., T.N., T.B. and M.S. were arrested pursuant to La. R.S. 14:103, disturbing the peace by engaging in a fistic encounter. On December 29, 1999, the three juveniles were charged. A pre-trial conference was held on January 28, 2000, and a trial date was set for February 8, 2000. At the pretrial conference, the trial court said that the juveniles were submitting to mediation and that if no subsequent incidents occurred that he would dismiss their case. The trial court dismissed the case on May *74 16, 2000, under Children’s Code Article 876, because the mediation had been deemed successful.
The State of Louisiana contends that the trial court erred in dismissing the case, as there was no good cause. They argue that the District Attorney has entire charge and control of every criminal prosecution instituted or pending in his district. C. Cr. P. art. 61. They also argue that “mediation requires parties, a victim and an offender”. They urge the argument that the court put itself in the position of the district attorney by dismissing the matter. We disagree.
La. Ch. C. art. 876 states:
For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner. |gThe court shall dismiss a petition on the motion of the district attorney.
The Juvenile Court is vested with broad discretion to arrive at solutions which balance the needs of the child with the interests of society. State In Interest of Davis, 96-0337 (La.App. 4 Cir. 10/30/96), 683 So.2d 879. Although neither the Children’s Code nor jurisprudence defines the term “good cause”, in State In Interest of Davis, this Court found dismissal of a delinquency petition appropriate after the victim refused to press charges.
In the instant matter, the trial court clearly examined all of the evidence, took into account the juveniles’ participation in a successful mediation program and dismissed the case ex proprio motu. The only constraint that art. 876 imposes on the trial court is that he shall dismiss a matter upon the petition of the district attorney. The clear language of article 876, gives the trial court great discretion in dismissing matters for good cause. In the case sub judice, the trial court felt that the successful mediation was justifiably “good cause.” We agree.
Accordingly, we find no abuse of discretion and affirm the ruling of the juvenile court.
AFFIRMED.