MICHAEL E. KIRBY, Judge.
|TThe State of Louisiana appeals the February 17, 2005 judgment of the Or *575 leans Parish Juvenile Court, dismissing the charges against D.G.[1]
The State filed a petition on January 27, 2005 requesting that D.G. be adjudicated delinquent for violating La. R.S. 14:35 “relative to simple battery, to wit: The intentional use of force or violence upon Hysan Gaines, without the consent of the victim, on Tuesday, August 31, 2004, at approximately 2:30 p.m. at 8258 Lake Forest Rd., in the Parish of Orleans.” D.G. was arrested on September 7, 2004, but was subsequently released from custody.
This matter came for hearing on February 17, 2005. At the conclusion of the hearing, the trial court stated that it was dismissing the charges against D.G. on its own motion. On that same date, the trial court rendered its written judgment, which stated, in pertinent part, as follows:
It’s the judgment of the Court that, upon the Motion of the Court, pursuant to Children’s Code Article 876, that the Petition is dismissed for the following reasons:
\91. The Children’s Code Article, specifically through 877, declares its intent to bring children to trial and adjudication in a speedy manner, minimum of which is 30 days or less when incarcerated. The maximum of which is 90 days when not incarcerated. The Court is of the position that the Code is not silent as it relates to a prescriptive period for bringing petitions; in that, the D.A. has abused its discretion in deciding to handle matters as non-detentions, thereby circumventing the law in the application of 877 in time proceedings for bringing children to adjudication on alleged acts of delinquencies.
2. Furthermore, the Assistant D.A. through its colloquy with the Court has indicated that it has no record in its file of conversations with the victim between August 31, 2004 and today, February 17, 2005.
3. That the Assistant D.A. has never met with the victim in this ease, and therefore, is unable to explain to the Court any exigent circumstances that would otherwise allow the Court to proceed from initial hearing to adjudication.
The State appeals the trial court judgment, arguing that the trial court abused its discretion when it dismissed the petition under Louisiana Children’s Code article 876.[2] Children’s Code Article 876 states, in pertinent part, that “[flor good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner.” In this case, the trial court dismissed the petition on its own motion. “Good cause” is determined on a case-by-case basis and must be fully supported in the record. State In Interest of M.B., 97-0524, p. 2 (La.App. 4 Cir. 11/19/97), 703 So.2d 146, 147. The Juvenile Court is vested with broad discretion in determining whether a case should be dismissed for good cause. State ex rel. T.N., 2000-1593 (La.App. 4 Cir. 5/23/01), 789 So.2d 73. The trial court’s reasons for judgment make clear that it found that the State’s inaction in |sthis case for five *576 months after D.G.’s arrest constituted good cause for the dismissal of the petition.
La. Ch.C. article 843 provides that when a child is continued in custody prior to adjudication, “the delinquency petition shall be filed within forty-eight hours of the hearing to determine continued custody.” In this case, D.G. was not continued in custody. Contrary to the trial court’s statement in its reasons for judgment, the Children’s Code, as currently written, is silent as to when a delinquency petition has to be filed if the child is not continued in custody, as in this case. La. Ch.C. articles 104 and 803 state that where procedures are not provided in the Children’s Code, the Code of Criminal Procedure controls in a delinquency proceeding.
D.G. was charged as delinquent for violating La. R.S. 14:35, relative to simple battery. A conviction under that statute carries a possible penalty of a fine of not more than five hundred dollars, or imprisonment for not more than six months, or both. According to La.C.Cr.P. article 572(A)(3), the State had two years to institute prosecution in this case.
We find that the trial court erred in finding that the State had a maximum time period of ninety days to file a delinquency petition in this case where the child was not continued in custody. The only reference in the Children’s Code to a ninety-day delay period is contained in La. Ch.C. article 877(B), which states that “[i]f the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.” The petition in this case was filed on January 27, 2005, and the record does not reflect any answer or appearance between that date and the February 17, 2005 hearing date. There is no provision in the Children’s Code requiring the State to file a delinquency petition | ¿within ninety days when the child is not continued in custody. La. Ch.C. article 877 only provides a time period for commencing an adjudication hearing after the petition has been filed; it does not include a time period for the filing of a petition when a child is not continued in custody.
We do not know if the Louisiana Legislature intentionally did not include a provision in the Children’s Code as to a time limitation for the filing of a delinquency petition when a child is not continued in custody, or if this omission was an oversight. Whether or not such a provision is added to the Children’s Code is entirely within the province of the Legislature. The State filed the delinquency petition within the delays allowed under the Code of Criminal Procedure, which controlled the time limitations in this case according to La.Ch.C. articles 104 and 803. The trial court did not have good cause to dismiss the delinquency petition, and abused its discretion in doing so.
For the reasons stated above, the trial court’s February 17, 2005 judgment dismissing the delinquency petition against D.G. is reversed. This matter is remanded to the Juvenile Court for further proceedings.
REVERSED AND REMANDED.
BELSOME, J., concurs with reasons.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juvenile involved in this matter will be used instead of his name.

. The issue in this appeal is essentially the same as that presented in 2005-CA-0435. Although these cases involve different juveniles and different crimes, both involve petitions of delinquency dismissed under Louisiana Children's Code article 876 by the same Juvenile Court judge. Our decisions on both of these appeals are being rendered on the same date, and both conclude that the Juvenile Court judge erred in dismissing the petitions.