995 So.2d 63 (2008)
STATE of Louisiana in the Interest of S.R.
No. 2008-CA-0785.
Court of Appeal of Louisiana, Fourth Circuit.
October 8, 2008.
*64 Keva Landrum-Johnson, District Attorney, Natasha Jack, Assistant District Attorney, New Orleans, LA, for Appellant, State of Louisiana.
Cheri J. Deatsch, Juvenile Regional Services, New Orleans, LA, for Appellee, S.R.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
PATRICIA RIVET MURRAY, Judge.
This is a juvenile case. The State appeals the judgment of the juvenile court dismissing the State's case against S.R. pursuant to La. Ch. C. art. 876. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On February 28, 2008, the State petitioned in juvenile court to have S.R. adjudicated a delinquent for violating La. R.S. 40:966(E)(1), possession of marijuana. The petition alleged that on November 1, 2007, S.R. knowingly or intentionally possessed four bags of marijuana at Livingston High School in New Orleans.
On April 1, 2008, the juvenile court held the initial hearing in S.R.'s case. Neither the juvenile nor his parents appeared for the hearing. The juvenile court noted in its judgment that there was no service of process and that the return indicated that the address at which service was attempted was a "vacant dwelling or lot." The juvenile court ordered the State, through its investigator, to locate a current address for S.R. The juvenile court further ordered that the School Board Liaison contact the school to see if it had a current address and to inform the court on April 2, 2008. The juvenile court set an ADA address status hearing for the next day.
On April 2, 2008, the juvenile court issued a second judgment noting that S.R. was enrolled at Schwartz, located at the Holy Cross High School Campus, and that the school had the same incorrect address as noted in the record on April 1, 2008. The juvenile court set another ADA address status hearing for April 8, 2008.
On April 8, 2008, the juvenile court noted that the State had again provided it with the same incorrect address that was in the record, but the School Board Liaison had provided it with another address and telephone number for S.R. The court also noted that its court reporter spoke with S.R.'s father and informed him of the next court date, April 15, 2008.
On April 15, 2008, S.R., accompanied by his father, appeared for the initial hearing. At that hearing, the court appointed the Public Defender to represent S.R., and the State offered S.R. entry into the Diversion Program. The court noted in its judgment that "[a]fter conferring with counsel and his parent(s), the juvenile is interested in participating in the Diversion Program."
On April 22, 2008, S.R., accompanied by his father, appeared for the scheduled Diversion Status/Initial Hearing; however, the court was closed that day due to President Bush's visit to the city for the North American Trade Conference. The juvenile court, on its own motion, reset the Diversion Status/Initial Hearing date for May 13, 2008.
*65 On May 13, 2008, S.R., again accompanied by his father, appeared. As of that date, he had not yet been enrolled in the Diversion Program. Although the court's last two judgments had gone to the correct address, the correspondence from the Diversion Program providing enrollment information was sent to a wrong address, and S.R. did not receive it. S.R.'s counsel reminded the court of its April 8, 2008 judgment in which the parties received notice of S.R.'s correct address. S.R.'s counsel represented to the court that:
"There is an old address in the record, but at the time they appeared and got referred to Diversion we got the corrected address on that day. So I don't know why it went to the wrong address. The last two judgments from this section have gone to the correct address."
S.R.'s counsel offered to provide the State with the correct address and requested that they be allowed to do an intake with the Diversion Program on that date so that S.R. and his parent(s) would not have to return to court a third time. S.R.'s counsel informed the court that there was no reason to believe S.R. would not be accepted into the program since the only other violation S.R. had was a curfew violation. S.R.'s counsel alternatively requested that the State provide written confirmation that S.R. and his parent(s) would not have to return to court another time. In response, the juvenile court dismissed S.R.'s case pursuant to Ch. C. art. 876 on the grounds that the "Diversion Program has failed to exercise due diligence to enroll the youth in the program." This appeal followed.

DISCUSSION
The State's sole assignment of error is that the juvenile court erred in dismissing the case against S.R. pursuant to La. Ch. C. art. 876. The State points out that on the date the juvenile court dismissed the case the matter was set for an initial hearing, the matter had not been set for any motion hearing or trial, and S.R.'s attorney did not request the case be dismissed. The State argues that the trial court erred in relying on the Diversion Program's failure "to try to make this case happen" as establishing good cause.
S.R. counters that the trial court correctly found that the State's failure to exercise due diligence to enroll him in the Diversion Program was good cause under Article 876. S.R. points out that the trial court held two ADA address status hearings to secure an adequate address for S.R. in order for the State to move forward with its prosecution of the case. As of April 8, 2008, the State had the correct address. As of April 15, 2008, S.R. accepted the State's offer to enroll in the Diversion Program instead of proceeding with the prosecution of the case. At that point, the only step remaining was for the State to communicate with the Diversion Program to enroll S.R. Almost a month later, on May 13, 2008, the State had still not provided S.R. with the enrollment information. Given these circumstances, S.R. contends that the trial court did not err in finding good cause.
The starting point for determining whether the juvenile court had good cause for dismissing the petition against S.R. is La. Ch. C. art. 876, which provides:
For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney.
Article 876 expressly grants a trial court great discretion in dismissing a matter for good cause. The sole limitation Article 876 imposes is that the trial court is required to dismiss a matter upon the petition of the district attorney. La. Ch.C. art. 876. Although neither the Children's *66 Code nor the jurisprudence defines "good cause," it generally means "[a] legally sufficient reason." Bryan A. Garner, Black's Law Dictionary, 235 (8th ed.2004). What constitutes good cause  a legally sufficient reason  for dismissal must be determined on a case-by-case basis and must be fully supported by the record. State in the Interest of M.B., 97-0524 (La.App. 4 Cir. 11/19/97), 703 So.2d 146; see State in the Interest of Davis, 96-0337 (La.App. 4 Cir. 10/30/96), 683 So.2d 879 (finding dismissal of a delinquency petition appropriate after the victim refused to press charges); State in the Interest of T.N. and T.B., 00-1593 (La.App. 4 Cir. 5/23/01), 789 So.2d 73 (finding juveniles' successful participation in mediation was good cause). A juvenile court is vested with broad discretion to arrive at solutions balancing the needs of the child with interests of society. State in the Interest of R.W. and N.W., 97-0268 (La.App. 4 Cir. 4/16/97), 693 So.2d 257.
In this case, the trial court's finding of good cause was premised on the State's failure to exercise due diligence to enroll S.R. in the Diversion Program, which is an alternative to participation in the judicial system. Over a month after S.R. expressed a desire to participate in the program, the State had not provided S.R. with the enrollment information for the program. Given the circumstances presented in this case, we cannot say that the trial court abused it vast discretion in finding good cause under Article 876 to dismiss this matter.

DECREE
For the forgoing reasons, we affirm the judgment of the juvenile court dismissing this matter.
AFFIRMED.