JAMES F. McKAY III, Judge.
hOn February, 12, 2009, the defendant, B.G., while a student at Carver High School, was charged by petition in Orleans Parish Juvenile Court with allegations of delinquency by violating one count of simple battery, relative to La. R.S. 14:35, and one count of disturbing the peace, relative to La. R.S. 14:103. On March 9, 2009, a pre-trial hearing was held wherein the trial coui*t dismissed the charges against B.G. pursuant to La. Ch.C. art. 876.
There are no other facts in the record nor have any pertinent facts concerning the underlying scenario been placed in the record for this Court to review.
As its sole basis for dismissal of the charges against the defendant the trial court stated in its reasons for judgment the following:
Take as many appeals as you want. I’m going to dismiss every school based offense that does not involve a major act of violence. This is a school based offense. It should be resolved in schools and not on the Court’s docket. The Recovery School District, The Orleans Parish School Board, N.O.P.D., State Board of Elementary Secondary Education, and The Orleans Parish Juvenile Court, last year, created and the BESE Boai'd adopt a uniform student rights and responsibility hand book that spelled out what would happen with school based offenses. That policy has not been followed in this incidence and therefore, the Court dismisses this matter. Note the State’s objection.
[2The State argues that the trial court abused its discretion in dismissing the charges against the defendant pursuant to La. Ch.C. art. 876. We agree.
Art. 876. Dismissal of petition
For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney.
“Good cause” is determined on a case-by-case basis and must be fully supported in the record. State ex rel. R.G., 2006-1625 (La.App. 4 Cir. 7/18/07), 963 So.2d 475, 476-477; State In Interest of M.B., 97-0524, p. 2 (La.App. 4 Cir. 11/19/97), 703 So.2d 146, 147. The Juvenile Court is vested with broad discretion in determining whether a case should be dismissed for good cause. State ex rel. T.N., 2000-1593 (La.App. 4 Cir. 5/23/01), 789 So.2d 73.
*183 In the case sub judice the trial court’s reason for dismissing the petition was based upon “the uniform student rights and responsibility hand book”. Based on the record presented to this Court there is no acknowledgement that there was any action taken by the school. Neither was this Court, by way of a court record, provided with any authority to determine what the actual procedure is or what procedure would or should be used to implement a policy based on “the uniform student rights and responsibility hand book”. A simplistic dismissal using the handbook as the authority has no legal basis and does not meet the threshold requirement of “good cause” to dismiss the charges against the defendant.
We find based on the applicable law and jurisprudence that the trial court has failed to provide a legally sufficient reason for the dismissal of the petition and as such has abused its discretion. Accordingly, we reverse the judgment, vacate the dismissal of the petition and remand the matter for further proceedings consistent with this opinion.
REVERSED, VACATED AND REMANDED.