30 So.3d 1136 (2010)
STATE of Louisiana In the Interest of L.T.
No. 2009-CA-1200.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 2010.
Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for Appellant.
Tenee Felix, Juvenile Regional Services, New Orleans, LA, for Appellee, L.T.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY, III, and Judge PAUL A. BONIN).
CHARLES R. JONES, Judge.
The Appellant, the State of Louisiana, appeals the dismissal of a petition to adjudicate a juvenile, L.T.the Appelleepursuant to La. Ch. C. art. 876, by the juvenile court. Finding no abuse of discretion by the juvenile court, we affirm.
In January of 2009, a petition of delinquency was filed against L.T. charging him with theft in violation of La. R.S. 14:67.10. He pled not guilty at his arraignment. The matter was set for Diversion Status *1137 and for trial. However, his trial date was later vacated and the case was closed upon his appearance for his Diversion Status court date, and because he had been accepted into the Diversionary Program.
In July of 2009, the State re-filed the dismissed petition against L.T. for failure to complete the Diversionary Program. L.T. appeared before the juvenile court for a pre-trial hearing on the re-instituted matter. The State contended that although L.T. had been compliant with the program when it was scheduled at 5:00 p.m., he became non-compliant when the schedule of the program changed to 11:00 a.m.
According to the record, L.T. signed up for Diversion classes that were scheduled to be held from 5:00 p.m. to 6:00 p.m. One of the conditions of enrollment in the Diversionary Program is enrollment in school. L.T. was enrolled in a GED Program from 9:00 a.m. to 4:00 p.m. He did not receive correspondence informing him that the hours of operation for the Diversionary Program changed from starting at 5:00 p.m. to commencing at 11:00 a.m. The State contends that L.T. was verbally notified of the change, and that L.T. in turn informed the Diversionary Program staff that he could not come to classes at the newly scheduled time.
Reasoning that the District Attorney's office breached its agreement with both L.T. and the juvenile court by changing the parameters of the program in the middle of L.T.'s active participation, the court ordered the State to re-enroll L.T. in the Diversionary Program, and dismissed the delinquency action because the State had changed the terms of the Diversionary Program contract that they entered into with the juvenile. The State objected to the Court's order several times, after which, the Court dismissed the matter for good cause, pursuant to La. Ch. C. art. 876. The State timely filed a Motion for Appeal and Designation of Record.
The State argues that it reinstituted the petition in this matter because L.T. failed to complete the Diversionary Program. Specifically, the State argues, L.T. stopped attending the required classes sometime at the end of May in 2009, once the class time changed from 5:00 p.m. to 11:00 a.m. According to the record, L.T.'s diversionary classes originally began at 5:00 p.m.; however, after the school year ended, the classes were scheduled to begin at 11:00 a.m. Nevertheless, since L.T. was enrolled in a G.E.D. program, his G.E.D. classes remained in session from 9:00 a.m. until 4:00 p.m. in the summer. The State argued that L.T. was orally informed of this schedule change by his diversion counselor, and L.T. responded by telling his diversion counselor that he would not be attending the 11:00 a.m. diversion classes.
The record before us indicates that the juvenile court ordered the State to "re-enroll" L.T. in the Diversionary Program. Thereafter, the court scheduled a "Diversion Status/Case Closure," for the next court setting, over the objection of the State. The court further dismissed the matter for good cause pursuant to La. Ch. C. art. 876.
The juvenile court is given great discretion when determining whether a case should be dismissed for good cause. State in the Interest of S.R., 08-0785, p. 4 (La.App. 4 Cir. 10/8/08), 995 So.2d 63, 65. "Good cause" is generally defined as `[a] legally sufficient reason.'" S.R., 08-0785, p. 4, 995 So.2d at 65-66, quoting Bryan A. Garner, Black's Law Dictionary, 235 (8th ed.2004). Good cause must be supported by the record and is determined on a case-by-case basis. State in the Interest of M.B., 97-0524, p. 2 (La.App. 4 Cir. 11/19/97), 703 So.2d 146, 147.
*1138 The State raises one assignment of error on appeal: the district court abused its discretion by finding good cause to dismiss the case against L.T. under La. Ch. C. art. 876. The State avers that during the Diversion Status hearing, L.T. and the State agreed that L.T. would enroll in the District Attorney's Diversionary Program. The State entered a nolle prosequi reserving its right to reinstitute the petition if L.T. did not successfully complete the Diversionary Program.
La. Ch. C. art. 876, entitled Dismissal of petition, states:
[f]or good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney.
Finding fault with the District Attorney's rescheduling of the Diversionary Program's hours, the juvenile court dismissed the case against L.T. The court explained its reasons for dismissing this matter, as follows:
[y]ou know what, this matter is dismissed under Article 876 for good cause. The Court finds that the district attorney's office placed this juvenile in a position of not being able to successfully complete diversion. The juvenile successfully participated in diversion as instructed. The juvenile was enrolled in school. The district attorney's office then changed the time of Diversionary Program because it was summer. Thereby, forcing the juvenile to choose between continuing with his educational program that he successfully completed and graduated from or attending diversion. This is a matter that the court thinks needs to be appealed because it's going to be repeated continuously. Because children are in year round school in Orleans Parish. Children are in traditional nine month educational setting [sic] in Orleans Parish. Some schools don't even end until 6:00 p.m. in recovery school district [sic]. Children are in required summer leap tutorials, leap preparations, and leap remedial. We have vocational schools that are operating with these over aged under achieving kids. We had GED programs that aren't on a regular education track. So when a person signs up for a program and commits to a time and they work their education around that time it's not fair for you to say unilaterally, oh, it's the summertime so we're going to change our time to 11:00 and for a child to choose between school and diversion.
You can say the da's [sic] office didn't do that; but that is the outcome ...
The juvenile court supported its decision to dismiss the re-petitioning of L.T. for delinquency charges with good cause after determining that the rescheduling of the Diversionary Program's hours by the District Attorney's office forced L.T. to decide between continuing his education, or discontinuing his education so he could proceed with attending the Diversionary Program. We do not find that the juvenile court abused its vast discretion in dismissing this action and ordering the District Attorney's office to re-enroll L.T. in the program. "The juvenile court is vested with broad discretion to arrive at solutions which balance the needs of the child with the interests of society." State in the Interest of Davis, 96-0337, p. 2 (La.App. 4 Cir. 10/30/96), 683 So.2d 879, 880. In the case sub judice, it is in the best interest of society and of L.T. that he both continue his education and complete the Diversionary Program so that he can become a productive member of society. While a different trier of fact may have reached another conclusion, we find that the juvenile court did not abuse its discretion.

*1139 DECREE

For the foregoing reasons, the judgment of the juvenile court dismissing the re-petitioning of L.T. for theft in violation of La. R.S. 14:67.10 is affirmed.
AFFIRMED.