JAMES F. McKAY III, Judge.
| ,The State appeals the judgment of the trial court dismissing the matter pursuant to La. Ch C. art. 876. We agree with the State’s position and find that the trial court did not have good cause to a legal sufficiency and abused its discretion in dismissing the juvenile delinquency petition against R.S. We reverse the judgment, reinstate the juvenile delinquency petition and remand the matter for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
On July 27, 2009, the defendant, R.S., was charged by petition in Orleans Parish Juvenile Court with violating one count of illegal carrying of a weapon, relative to La. R.S. 14:108. On July 30, 2009, R.S. entered a plea of not guilty and a trial date was set for September 3, 2009. On July 30, 2009, R.S. filed a Minor-Respondent’s motion pre-trial discovery and for a bill of particulars. The State filed its answer on August 3, 2009. On August 10, 2009, R.S. filed a motion to compel specifically seeking video evidence relating to the incident. On August 11, 2009, the State answered the motion asserting that the materials requested were not |2in the possession of the District Attorney’s Office. On September 3, 2009, the court ex proprio motu continued the trial because of outstanding discovery. The trial was continued until September 24, 2009. On September 24, 2009, the matter came before the court for a delinquency adjudication hearing. The trial court dismissed the matter pursuant to La. Ch. C. art 876.
ASSIGNMENT OF ERROR
In its sole assignment of error the State asserts that the trial court abused its discretion in dismissing the petition against R.S. pursuant to La. Ch C. art. 876 and did so without providing a cause for dismissal. La. Ch. C. art 876 states, in pertinent part, that “[f]or good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner.” In this case, the trial court dismissed the petition on its own motion. “Good cause” is determined on a case-by-case basis and must be fully supported in the record. State In Interest of M.B., 97-0524, p. 2 (La.App. 4 Cir. 11/19/97), 703 So.2d 146, 147. The Juvenile Court is vested with broad discretion in determining whether a case should be dismissed for good cause. State ex rel. T.N., 2000-1593 (La.App. 4 Cir. 5/23/01), 789 So.2d 73.
Prior to the commencement of the adjudication hearing on September 24, 2009, the defense informed the trial court that its motion to compel discovery had not been satisfied. The State again informed the court that the information concerning the filming of the defendant being tasered was not in its possession. The State informed the court that the taser guns were not equipped with cameras. The State further provided the court with information that an independent film crew from New Zealand may have been present on the day that the defendant was | ^arrested, but that they were not directly involved with the arresting officers. They also informed the court that the police officers on the scene were unaware of what was filmed. The State further informed the court that neither the State nor the NOPD are custodians of the film that may or may not exist. The State urged the court to take testimony from the arresting office that was available to testify that day.
The trial court, without any reasons refused to take any testimonial evidence and ruled that the State “failed to produce” the requested discovery. Thereafter the trial court, sua sponte, dismissed the petition pursuant to La. Ch C. art. 876, “due to [the] State’s failure to produce documents and evidence that was requested by Defense Counsel in the motion to compel.”
*1214 The trial court’s dismissal of the delinquency petition is not supported by the record. The issue of the existence of the video, who may have made the video or the fact that the video existed was never established in the record that is before this Court. Based on the record this Court can only conclude that the trial court erred in failing to allow the State to provide evidence and testimony to support its assertions pertaining to the existence and/or the unavailability of the alleged taser video. Furthermore, based on the record before this Court it cannot be determined if there is any relevance to the purported video and the crime with which the defendant was charged. There is no rational basis to conclude that the State has failed to comply with the discovery request. As such, there was no discovery violation by the State.
The trial court’s reason for dismissing the matter does not meet the threshold set out in La. Ch. C. art. 876. The trial court failed to provide good cause and a legally sufficient reason to support its judgment of dismissal.
| CONCLUSION
The record before this Court is void of any justification or legal cause for the trial court to have dismissed the matter pursuant to La. Ch. C. art 876. The trial court has failed to provide a legally sufficient reason for the dismissal of the petition and abused its discretion by dismissing the delinquency petition against R.S. As such, we reverse the judgment, vacate the trial court’s ruling and remand the matter for further proceedings consistent with this opinion.
REVERSED; VACATED AND REMANDED.