ROBERTA. CHAISSON, Judge.
|zThe State filed delinquency petitions against six juveniles, and the juvenile court dismissed those petitions. The State appealed the dismissals, and this Court consolidated the appeals on May 6, 2011.

FACTS AND PROCEDURAL HISTORY

State in the Interest of T.B., ll-KA-411

On November 5, 2010, T.B. was charged by petitions filed in juvenile court with the misdemeanor offenses of battery upon a school teacher, in violation of LSA-R.S. 14:34.3, and disturbing the peace, in violation of R.S. 14:103. On November 18, 2010, the juvenile denied the allegations, and the adjudication hearing was set for January 26, 2011. On the date set for the adjudication, T.B.’s attorney moved to continue the matter in order to monitor the juvenile’s grades, behavior, and attendance; to have the juvenile write a two-page essay and provide a copy at the next *574 hearing; and to complete 20 hours of community service work. The juvenile court granted that motion.
| sAt the subsequent March 30, 2011 hearing, T.B. submitted a three-page essay indicating his understanding of the need to follow mies and behave appropriately, and that the consequences for failing to do so would likely result in future incarceration. The juvenile also submitted verification of completing 20 hours of community service at the New Orleans Downtown Recruiting Station. Finally, T.B. submitted school records indicating his scholastic performance.
Since the juvenile had completed all court ordered assignments, his attorney moved that the matter be dismissed under LSA-Ch.C.art. 876. Judge Nancy Amato Konrad granted the motion and dismissed the petitions, finding that good cause existed for the dismissal. In so ruling, the court noted T.B. had no prior record, and this was his first involvement in the legal system. The court further recognized his successful completion of the court ordered assignments which included performing community service work, writing a paragraph, and bringing up his grades. The court also commented that further involvement in the juvenile justice system would be of no benefit and would not be in the child’s best interest. The State objected to the dismissal of the petitions.

State in the Interest of K.H., ll-KA-417

On August 9, 2010, K.H. was charged by petition filed in juvenile court with the misdemeanor offense of theft of goods valued at less than $800.00 belonging to Macy’s, in violation of LSA-R.S. 14:67.10. The juvenile denied the allegations on August 24, 2010, and after two continuances, the matter was scheduled for adjudication on February 2, 2011. On that day, K.H.’s attorney moved to continue the matter in order to monitor the juvenile’s grades, behavior, and attendance; to have the juvenile write a two-page essay on why he should not steal, and provide a copy at the next hearing; and to complete 20 hours of community service work. |4The court granted that motion, and the matter was set for adjudication on April 6, 2011.
At that time, K.H. submitted a two-page essay indicating his understanding that stealing was wrong, that he learned his lesson, that he will not steal again, and that stealing could result in incarceration. In addition, K.H. submitted verification of his completion of 20 hours of community service at Aerens Supermarket in New Orleans, as well as verification of his attendance at St. Rita Catholic School in New Orleans. In light of the fact that K.H. successfully completed all court ordered assignments, his attorney moved for a dismissal under LSA-Ch.C. art. 876. After considering the documentation submitted by the juvenile, Judge James L. Can-nella granted the motion and dismissed the delinquency petition. The State objected to the ruling.

State in the Interest of E.S., ll-KA-418

On January 25, 2011, E.S. was charged by petition filed in juvenile court with the misdemeanor offense of theft of goods valued at less than $500.00 belonging to Wal-Mart, in violation of LSA-R.S. 14:67.10. On February 8, 2011, the juvenile’s counsel moved to continue the hearing so the juvenile could return at the next hearing with his school records, proof that he performed 20 hours of community service, and a two-page essay on why he should not steal. The juvenile court granted that motion, noting that the juvenile was appearing before the court for a first-time theft with no prior criminal history and no family or school related issues.
At the subsequent April 12, 2011 hearing, E.S. submitted a two-page essay indi- *575 eating his understanding that stealing is wrong, and that it could hurt his future and result in incarceration. E.S. further submitted proof that he was on the honor roll at East Jefferson High School and that he was participating in a black history 1 .¡program at Providence Baptist Church. At this hearing, E.S.’s attorney moved to dismiss the matter under LSA-Ch.C. art. 876 since the juvenile had complied with the court assignments. Over the objection of the State, Judge Salvadore T. Mule granted this motion, finding there was good cause to dismiss the petition. The court noted the juvenile’s completion of the court requirements amounted to successful mediation which constitutes good cause.

State in the Interest of B.McC., 11-KA-419

B.McC. was charged by petition in juvenile court with the misdemeanor offense of simple criminal damage to property amounting to under $500.00, in violation of LSA-R.S. 14:56. On December 28, 2010, B.McC. entered a denial to the delinquency petition, and the matter was set for adjudication on January 26, 2011. On that date, the juvenile’s counsel moved that the matter be continued in order to monitor the juvenile’s grades, behavior, and attendance; to allow the juvenile time to write a two-page essay on why he should not damage others’ property and provide a copy at the next hearing; and to complete 20 hours of community service work. The juvenile court granted that motion.
At the subsequent March 30, 2011 hearing, B.McC. submitted a two and a half page essay indicating his understanding of the need to respect other people’s property. He also submitted verification of completing 20 hours of community service at St. Joseph Catholic Church. In addition, the juvenile indicated that he planned to return to assist in the construction of the church altar, which is above and beyond the community service as mandated by the court. He also produced school records indicating continued participation in adult education.
Considering the juvenile’s successful completion of the court ordered assignments, his attorney moved that the matter be dismissed under LSA-Ch.C. art. 876. Over the State’s objection, Judge Nancy Amato Konrad granted the motion |fiand dismissed the petition, finding good cause for the dismissal. The court noted this misdemeanor was the juvenile’s first offense, and he had not been involved with the legal system in the past. The court further recognized that B.McC. completed his community service, did what he was supposed to do in school, and wrote a paper as requested by the court. Lastly, the court noted that further involvement with the juvenile justice system would not be beneficial and would be contrary to the child’s best interest.

State in the Interest of S.P., ll-KA-420

On November 17, 2010, S.P. was charged by petition filed in juvenile court with the misdemeanor offense of possession of marijuana, in violation of LSA-R.S. 40:966 C. On December 1, 2010, the juvenile denied the allegations of the petition, and the matter was set for adjudication on January 26, 2011. On that date, S.P.’s attorney moved that the matter be continued in order to monitor the juvenile’s grades, behavior, and attendance; to allow the juvenile time to write a two-page essay on why he should not possess marijuana and provide a copy at the next hearing; and to complete 20 hours of community service work. The juvenile court granted the motion, and the matter was set for adjudication on March 30, 2011.
On that date, S.P. submitted a two-page report indicating his understanding of the harmful effects of marijuana. He also submitted verification of completing 20 *576 hours of community service at Lafreniere Park with the Jefferson Parish Department of Parks and Recreation. S.P. further provided his school records indicating an overall improvement in scholastic performance and submitted a newspaper clipping showing that he was recognized for his behavioral efforts at the Jefferson Community School.
Based upon the juvenile’s successful completion of the court ordered requirements, his attorney moved for a dismissal pursuant to LSA-Ch.C. art. 876. [ 7Judge Nancy Amato Konrad granted the motion and, finding good cause, dismissed the petition. The court noted the juvenile’s young age and the fact that he had no criminal history and had never been involved in the legal system. Moreover, S.P. completed all of the requirements ordered by the court and had done exemplary work at school and in his community service. The court lastly noted that further involvement in the juvenile justice system would not be beneficial to the child. The State objected to this dismissal.

State in the Interest of J.P., ll-KA-421

On January 27, 2011, J.P. was charged by petition filed in juvenile court with the misdemeanor offense of possession of marijuana, in violation of LSA-R.S. 40:966 C. The juvenile denied the allegations of the petition on February 10, 2011, and the matter was set for adjudication on April 6, 2011. On that day, J.P.’s attorney moved for dismissal under LSA-Ch.C. art. 876 for good cause as the juvenile had completed all services.
To support the argument for dismissal of the petition, J.P.’s attorney called the child’s case manager, Aroel Green, to testify. Ms. Green, employed by the Jefferson Parish Human Service Authority, Substance Abuse Prevention Division, testified that J.P. was referred to her by his school for a policy violation in February. He presented for services within a week of the violation and completed services with her for two months. During that time, she had an opportunity to drug screen him, and all of his drug screens came back negative. In addition to completing Ms. Green’s program, J.P. also had to do other services to get back in school. In particular, he had to perform a certain amount of hours of community service, to participate in some projects at school, and to attend an educational component for one night that was three hours. J.P. also had to be drug tested by another school appointed facility, and that drug screen came back negative. Ms. |sGreen advised the judge that J.P. has agreed to voluntarily come in for two additional sessions that are not mandated and to seek tutoring through their services to help him pull up his grades. In addition, the parents have enrolled him in extra-curricular activities. To her knowledge, J.P. has successfully completed all that was required of him; and in her opinion, the juvenile did not need any further services at this time.
After Ms. Green’s testimony, Judge James L. Cannella addressed J.P. who acknowledged that he had made some mistakes and had done some things wrong. J.P. assured the judge that he has stopped doing those wrong things, and he agreed not to go back to these wrong ways. After listening to the testimony of the case manager and addressing the juvenile, Judge Cannella granted the motion to dismiss the delinquency petition. The State objected to this dismissal.

LAW AND ANALYSIS

On appeal, the State argues that the juvenile court abused its discretion by dismissing these delinquency petitions pursuant to LSA-Ch.C. art. 876. The State contends that the court’s dismissal of these petitions abrogates the constitutional and *577 statutory authority of the district attorney to prosecute and violates the separation of powers guaranteed by the United States Constitution. The State notes that LSA-C.Cr.P. art. 61 gives the district attorney the sole power to decide against whom, when, and how to prosecute a case. It asserts that the juvenile court’s pattern and practice of systematically dismissing first offense misdemeanor cases after the juvenile completes an essay, community service, and good school work, without regard to the facts and circumstances of the offenses committed, does not meet the legal threshold of “good cause” as set forth in LSA-Ch.C. art. 876 and, as such, constitutes an abuse of discretion.
|3We will first turn our attention to the six delinquency petitions challenged in this appeal. At the time the offenses were committed, LSA-Ch.C. art. 876 provided as follows:
For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney.
The juvenile court is vested with broad discretion in determining whether a case should be dismissed for good cause. State in the Interest of R.S., 09-1444 (La. App. 4 Cir. 6/9/10), 40 So.3d 1212, 1213, writ denied, 10-1614 (La.1/28/11), 56 So.3d 968. Although neither the Children’s Code nor the jurisprudence defines “good cause,” it generally means “[a] legally sufficient reason.” State in the Interest of S.R., 08-785 (La.App. 4 Cir. 10/8/08), 995 So.2d 63, 65-66. “Good cause” for dismissal of a petition against a juvenile is determined on a case-by-case basis and must be fully supported by the record. State in the Interest of M.B., 97-524 (La.App. 4 Cir. 11/19/97), 703 So.2d 146, 147.
In State in the Interest of T.N. and T.B., 00-1593 (La.App. 4 Cir. 5/23/01), 789 So.2d 73, the Fourth Circuit agreed with the juvenile court judge that good cause existed for the dismissal of the delinquency petition. In that case, three juveniles were charged with disturbing the peace. At the pre-trial conference, the trial court said that the juveniles were submitting to mediation and that if no subsequent incidents occurred, he would dismiss the case. Finding that the mediation was successful, the juvenile court judge dismissed the petition pursuant to LSA-Ch.C.art. 876. The State appealed, arguing that the trial court erred in dismissing the case, as there was no good cause. In support of its argument, the State pointed to LSA-C.Cr.P. art. 61, which gives the district attorney “entire charge and control of every criminal prosecution instituted or pending in his | ^district.” On appeal, the appellate court agreed with the trial court that successful mediation was justifiably “good cause” and affirmed the ruling of the juvenile court which dismissed the petition.
Likewise, in State in the Interest of S.R., 995 So.2d at 66, the appellate court upheld the trial court’s finding of good cause for dismissal under LSA-Ch.C. art. 876 where the State failed to exercise due diligence in enrolling S.R. in a diversion program. Good cause for dismissal under LSA-Ch.C. art. 876 has also been upheld where a victim did not want to pursue charges and the minor was referred to the family in need of services program, State in the Interest of Davis, 96-337 (La.App. 4 Cir. 10/30/96), 683 So.2d 879; and where the State rescheduled the diversionary program’s hours which forced the juvenile to decide between continuing his education or proceeding with the diversionary program, State in the Interest of L.T., 09-1200 (La. App. 4 Cir. 2/3/10), 30 So.3d 1136, writ denied, 10-479 (La.9/24/10), 45 So.3d 1072.
Based on our review of the record and the particular circumstances of each *578 case, we cannot say that the juvenile court abused its discretion in dismissing the six delinquency petitions at issue in this appeal. In each matter, the juveniles were apparently first screened to determine whether it was the juvenile’s first involvement with the juvenile justice system and whether the charge involved a misdemean- or offense. After this initial screening, the court probation officer or the child’s attorney interviewed and reported to the court if it appeared that the minor and the family would benefit from such limited court intervention. In making this determination, factors that were considered included whether the child was having academic or behavioral issues at school and whether the child routinely obeyed his or her parents. In these six cases, limited court intervention was deemed appropriate, and the juveniles were given the opportunity, subject to individual [^variations, to complete community service, improve school performance, write a two-page essay, or submit to substance abuse services. After the juveniles’ successful completion of the court ordered requirements, the juvenile court dismissed the delinquency petitions.
At the time of the instant offenses, the only constraint that LSA-Ch.C. art. 876 imposed on the juvenile court was that it shall dismiss a matter upon the petition of the district attorney. The clear language of LSA-Ch.C.art. 876 gave the juvenile court great discretion in dismissing matters for good cause. In each of the instant matters, the juvenile court obviously believed that the minors’ completion of the court ordered requirements amounted to a successful intervention and, therefore, constituted good cause to dismiss the petitions. Upon review, we find no abuse of the juvenile court’s discretion in determining that there was good cause to dismiss the petitions.
In the instant appeal, the State not only challenges the dismissal of these six delinquency petitions, but also challenges the juvenile court’s routine practice of dismissing first offense misdemeanor cases under LSA-Ch.C.art. 876. We note that the State, in this appeal, has not established a pattern by one particular judge of dismissing delinquency petitions. In fact, three different judges were involved in the six dismissals presently before this Court. Judge Nancy Amato Konrad granted the dismissals in State in the Interest of T.B. (Appeal Number ll-KA-411), State in the Interest of B.McC. (Appeal Number 11-KA-419), and State in the Interest of S.P. (Appeal Number ll-KA-420); Judge James L. Cannella granted the dismissals in State in the Interest of K.H. (Appeal Number ll-KA-417) and State in the Interest of J.P. (Appeal Number 11-KA-421); and Judge Salvador Mule granted the dismissal in State in the Interest of E.S. (Appeal Number ll-KA-418). Further, in its attempt to show a pattern, the State, in its appellate brief, references the 112juvenile court’s dismissal, between October 6, 2010, and March 30, 2011, of 51 petitions filed by the district attorney without hearing any of the facts of the case. We note that the dismissals in these 51 cases are not being challenged on appeal.
Moreover, at this point, it is not necessary to address the propriety of the court’s routine practice of dismissing misdemean- or delinquency petitions because of the recent legislative changes to LSA-Ch.C. art. 876.
LSA-Ch.C. arts. 875 and 876 were amended by the Louisiana Legislature, Acts 2011, No. 172, § 1 as follows:
Art. 875. Motions to dismiss
A. All objections to the proceedings, including objections based on defects in the petition and defenses capable of *579 determination as a matter of law, maybe raised by motion to dismiss.
B. Upon a finding of grounds to dismiss the petition as provided for in Paragraph A of this Article, the court shall order that the petition be dismissed.
Art. 876. Dismissal of petition
The court shall dismiss a petition on the motion of the district attorney.
The above amendments had an effective date of August 15, 2011. The amendment specifically removed the sentence which provided: “For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on motion of the petitioner.” Since the amendment to the article has taken away the discretion of the juvenile court to dismiss delinquency petitions on its own motion, for good cause, it is not necessary for this court to make a determination as to the propriety of the court’s routine practice of dismissing first offense misdemeanor cases.
[ ^Accordingly, for the reasons set forth herein, we find no abuse of discretion and affirm the rulings of the juvenile court which dismissed the delinquency petitions in these six cases.

AFFIRMED

EDWARDS, C.J., concurs.