EDWARDS, C.J.,
concurs.
Iil concur with the final disposition in this matter. However, I write separately to express my concern that the systematic practice of the juvenile court in dismissing delinquency petitions pursuant to La. Ch.C. art. 876 usurps the authority of the district attorney. I believe this practice intrudes on the right and power of the District Attorney’s Office to decide which charges will be brought against an individual. I do not believe the juvenile court should dismiss delinquency actions as a matter of general practice.
I recognize that the law in effect at the time of these rulings authorized a juvenile judge to dismiss a delinquency petition for “good cause.” Good cause of the sort necessary for the juvenile court to dismiss delinquency charges against a juvenile is determined on a case-by-case basis and must be fully supported in the ^record.[1] My review of the six cases at issue herein shows a pattern of dismissals that I do not believe was intended or envisioned by the code article. I believe my concern is reflected by the Louisiana Legislature in that it chose to amend article 876 (effective August 15, 2011) to delete the authority of a juvenile court judge to dismiss a delinquency petition for “good cause” shown.[2]
Our Juvenile Justice System is based on administering justice using the criteria of the best interest of the child, and I fully recognize the need for the juvenile court judges to consider each youth who appears before them as an individual in making that decision. Juvenile court judges need and must have authority to use alternate sentencing methods when applicable in individual cases. I am also aware of society’s need for balancing the best interest of an individual child with the safety of the community. I believe these conflicting interests can best be resolved though understanding and cooperation between the juvenile court and law enforcement officials, and I would encourage both entities to work together to find some common ground with which to begin the formulation of a plan to help our troubled youth *580 while providing a safe community for our citizens.

. State ex rel. B.D., 09-0432 (La.App. 4 Cir. 11/12/09), 25 So.3d 181, 182.

. 2011 Act 172.