KIRBY, Judge.
hThe State of Louisiana appeals the March 2, 2005 judgment of the Orleans Parish Juvenile Court, dismissing the charges against C.M.[1]
The State filed a petition on January 26, 2005 requesting that C.M. be adjudicated delinquent for violating La. R.S. 14:34.1 “relative to second degree battery, to wit: The intentional use of force or violence upon Joseph Johnson, without the consent of the victim when the offender intentionally inflicts serious bodily injury, on Sunday, December 28, 2003 at approximately 4:19 p.m. at 3704 Dryades St., in the Parish of Orleans.” C.M. was arrested on December 28, 2003 but was released from custody after the State’s initial attempts to contact the victim were unsuccessful. According to the State, the petition was filed after the victim was contacted.
This matter came for hearing on February 15, 2005. At the conclusion of the hearing, the trial court stated that it was dismissing the charges against C.M. on its [2own motion. On March 2, 2005, the trial court rendered its written judgment, which stated, in pertinent part, as follows:
In accordance with Article 876, the Court has dismissed the charges against the defendant for the following reasons:
1. Due to the lack of the State to screen the case until 13 months after the juvenile was arrested.
2. The Court cannot receive a guilty plea for a case that was screened two weeks ago for an offense that occurred 13 months ago.
3. The victim did not receive any sort of justice from either the prosecution or from the processing of this case, so he could receive restitution.
4. This dismissal also falls under the spirit of 877, in that, there’s a 90-day period to bring the case to trial after a juvenile answers the Petition, to take the juvenile out of limbo, so that his life can proceed after these proceedings.
5. The State made only two known contacts with the victim, one by letter and one by phone.
The State appeals the trial court judgment, arguing that the trial court abused its discretion when it dismissed the petition under Louisiana Children’s Code article 876.[2] Children’s Code Article 876 states, in pertinent part, that “[f]or good cause, the court may dismiss a petition on *573 its own motion, on the motion of the child, or on motion of the petitioner.” In this case, the trial court dismissed the petition on its own motion. “Good cause” is determined on a case-by-case basis and must be fully supported in the record. State In Interest of M.B., 97-0524, p. 2 (La.App. 4 Cir. 11/19/97), 703 So.2d 146, 147. The Juvenile Court is vested with | ¡¡broad discretion in determining whether a case should be dismissed for good cause. State ex rel. T.N., 2000-1593 (La.App. 4 Cir. 5/23/01), 789 So.2d 73. The trial court’s reasons for judgment make clear that it found that the State’s inaction in this case for thirteen months after C.M.’s arrest constituted good cause for the dismissal of the delinquency petition.
La. Ch.C. article 843 provides that when a child is continued in custody prior to adjudication, “the delinquency petition shall be filed within forty-eight hours of the hearing to determine continued custody.” In this case, C.M. was not continued in custody. The Children’s Code, as currently written, is silent as to when a delinquency petition has to be filed if the child is not continued in custody, as in this case. La. Ch.C. articles 104 and 803 state that where procedures are not provided in the Children’s Code, the Code of Criminal Procedure controls in a delinquency proceeding.
C.M. was charged as delinquent for violating La. R.S. 14:34.1, relative to second degree battery. A conviction under that statute carries a possible penalty of a fine of not more than two thousand dollars or imprisonment, with or without hard labor, for not more than five years, or both. According to La.C.Cr.P. article 572(A)(4), the State had four years to institute prosecution in this case.
We find that the trial court erred in finding that the filing of the petition thirteen months after C.M.’s arrest violated the “spirit” of La. Ch.C. article 877. Section B of that article provides that if a child is not continued in custody, as in this case, “the adjudication hearing shall commence within ninety days of the appearance to answer the petition.” The petition in this case was filed on January 26, 2005, and the record does not reflect any answer or appearance between that date and the February 15, 2005 hearing date. La. Ch.C. article 877 provides a time Lperiod for commencing an adjudication hearing after the petition has been filed; it does not include a time period for the filing of a petition when a child is not continued in custody.
We do not know if the Louisiana Legislature intentionally did not include a provision in the Children’s Code regarding a time limitation for the filing of a delinquency petition when a child is not continued in custody, or if this omission was an oversight. Whether or not such a provision is added to the Children’s Code is entirely within the province of the Legislature. The State filed the delinquency petition within the delays allowed under the Code of Criminal Procedure, which controlled the time limitations in this case according to La.Ch.C. articles 104 and 803. The trial court did not have good cause to dismiss the delinquency petition, and abused its discretion in doing so.
For the reasons stated above, the trial court’s March 2, 2005 judgment dismissing the delinquency petition against C.M. is reversed. This matter is remanded to the Juvenile Court for further proceedings.
REVERSED AND REMANDED.
BELSOME, J., concurs with reasons.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juvenile involved in this matter will be used instead of his name.

. The issue in this appeal is essentially the same as that presented in 2005-CA-0434. Although these cases involve different juveniles and different crimes, both involve petitions of delinquency dismissed under Louisiana Children's Code article 876 by the same Juvenile Court judge. Our decisions on both of these appeals are being rendered on the same date, and both conclude that the Juvenile Court judge erred in dismissing the petitions.