DREW, J.
_JjThe State of Louisiana appeals from a judgment quashing a petition for delinquency against a juvenile, T.D.W.[1] We reverse and remand.
FACTS
On August 13, 2008, a young woman in Homer, Louisiana, was attacked by a female juvenile, T.D.W., born on January 8, 1993. T.D.W. used a knife to stab the victim in the face, causing the victim to lose her left eye.
On September 9, 2008, a Homer police officer executed a verified complaint[2] against her for the offense of aggravated second degree battery. She was taken into custody on Wednesday, September 17, 2008, and transported to Ware Youth Detention Center.
On Monday, September 22, 2008, the court held what can best be termed as a status conference, certainly not a continued custody hearing.[3] Subject to an in-chambers discussion, the juvenile was released to her grandmother, with whom she usually lived. The court expressed reluctance in continuing the juvenile in custody at the detention center, since the event had occurred five weeks prior to the hearing and there had been no further violent action by the juvenile.
| ¿The court stated:
In order to prevent any further violent actions by this juvenile, I’m going to release her to her grandmother. I’m going to order that she be on strict house arrest which means she can have no contact whatsoever with anybody her age. They can’t come into the house to visit, period. I mean unless it’s a family member. Apparently, there was some use of a cell phone. She’s prohibited from having a cell phone. Telephone privileges are taken away during this period of house arrest. She’s allowed to go to school. She’s allowed to go to church. Those are the two places where she can go. If she goes anyplace else, she must be in the company of her grandmother. And, if these rules of the house arrest are broken, then she’ll be picked up and put in a detention center until the whole matter is resolved. Everybody understands that.
No cell phones, no visitors. She’s just at home. Can’t go out except to school, to church and with — in the strict company of her grandmother. No contact with the victim or anybody in the victim’s family, and that’s the condition of her release back to her grandmother’s home. (Our emphasis.)
The court allowed the prosecutor 30 days to file any petition and fixed Novem *86 ber 7, 2008, as the date for answering the petition. However, neither a petition nor an answer was filed for about nine months.
On August 3, 2009, the District Attorney-filed a petition[4] to take T.D.W. into custody and to have her adjudicated delinquent for the offense of aggravated second degree battery. There is no evidence that the trial court’s order of house arrest was ever lifted.
Apparently T.D.W. filed an answer denying the petition on September 11, 2009, but that answer is not in the appellate record.
On September 30, 2009, the juvenile filed an application for a bill of particulars and a motion for discovery.
|3On October 8, 2009, the juvenile filed a motion for a continuance, urging that her motions had not yet been fully answered and that the matter was set for trial on October 9, 2009. The trial court granted that motion and reset the case for November 6, 2009.
On November 6, 2009, the juvenile filed a motion to dismiss the matter based on prescription, alleging that the state failed to file the petition 90 days since she made an appearance, resulting in the expiration of the time limitations set by La. Ch. C. art. 877(B). The state responded that La. Ch. C. art. 877 had no application to these facts; rather, it argued that La. Ch. C. art. 843 governed the time limit for filing the petition. The state further argued that because it never had custody of T.D.W., it had four years to file the petition under the Code of Criminal Procedure.
The state then filed a supplemental memo in opposition to her motion to dismiss. The state discovered that T.D.W. had, in fact, been arrested in September 2008. However, the state argued that once T.D.W. was released from the juvenile detention center, she was “released from detention” and that she was not “in continued custody” so as to implicate the 90-day deadline for filing the petition required by La. Ch. C. art. 843.
T.D.W. filed another motion for a continuance on December 7, 2009, citing newly discovered information, and the matter was continued to January 6, 2010. Subsequently, she filed a motion to dismiss her earlier motion to dismiss, relating that the previous motion had been based on erroneous facts.
14 She then filed a motion to quash on January 4, 2010, alleging that her rights had been violated under the Sixth Amendment to the United States Constitution and under the Louisiana Constitution, Art. I, § 16, in that the state had not timely brought her to trial, despite the continuing order for her house arrest.
A hearing was held on February 5, 2010, at which the trial court concluded that its continuing house arrest order was analogous to continuing the child in custody, and thus the state was dilatory in filing and proceeding -with its petition. Accordingly, on May 6, 2010, the court signed a judgment, granting the motion to quash, thereby dismissing the adjudication petition. From this ruling, the state now appeals.
ASSIGNMENTS OF ERROR
The state posits that the trial court erred in ruling that:
1. the state’s filing of the petition was untimely;
2. the combination of Articles 843 and 877 was violated; and
*87 3. the juvenile was denied a speedy trial.
The state further argues that its prosecution of T.D.W. as a juvenile delinquent was timely because the child was not continued in custody and it had four years to bring the child to trial pursuant to the Code of Criminal Procedure.
In support of its argument, the state cites State ex rel. C.M., 2005-0435 (La.App. 4th Cir.12/21/05), 922 So.2d 571, wherein a juvenile allegedly committed second degree battery on December 28, 2003. The juvenile was arrested that day but released from custody when the victim | flcould not be found. The appellate opinion does not indicate that the juvenile was under any sort of restrictive court order upon his release. On January 26, 2005, the state filed a petition seeking to have the juvenile adjudicated delinquent; apparently, the state had located the victim of the offense. The court dismissed the petition on its own motion for “good cause” under La. Ch. C. art. 876, finding that the state had been dilatory in pursuing the petition against the juvenile. The court of appeal reversed, stating:
La. Ch. C. article 843 provides that when a child is continued in custody prior to adjudication, “the delinquency petition shall be filed within forty-eight hours of the hearing to determine continued custody.” In this case, C.M. was not continued in custody. The Children’s Code, as currently written, is silent as to when a delinquency petition has to be filed if the child is not continued in custody, as in this case. La. Ch. C. articles 104 and 803 state that where procedures are not provided in the Children’s Code, the Code of Criminal Procedure controls in a delinquency proceeding.
C.M. was charged as delinquent for violating La. R.S. 14:34.1, relative to second degree battery. A conviction under that statute carries a possible penalty of a fine of not more than two thousand dollars or imprisonment, with or without hard labor, for not more than five years, or both. According to La. C. Cr. P. article 572(A)(4), the State had four years to institute prosecution in this case.
We find that the trial court erred in finding that the filing of the petition thirteen months after C.M.’s arrest violated the “spirit” of La. Ch. C. article 877. Section B of that article provides that if a child is not continued in custody, as in this case, “the adjudication hearing shall commence within ninety days of the appearance to answer the petition.” The petition in this case was filed on January 26, 2005, and the record does not reflect any answer or appearance between that date and the February 15, 2005 hearing date. La. Ch. C. article 877 provides a time period for commencing an adjudication hearing after the petition has been filed; it does not include a time period for the filing of a petition when a child is not continued in custody.
| We do not know if the Louisiana Legislature intentionally did not include a provision in the Children’s Code regarding a time limitation for the filing of a delinquency petition when a child is not continued in custody, or if this omission was an oversight. Whether or not such a provision is added to the Children’s Code is entirely within the province of the Legislature. The State filed the delinquency petition within the delays allowed under the Code of Criminal Procedure, which controlled the time limitations in this case according to La. Ch. C. articles 104 and 803. The trial court did not have good cause to dismiss the delin *88 quency petition, and abused its discretion in doing so.
The state concludes that a similar result should obtain in this case because the trial court’s house arrest order should not be interpreted to mean that the juvenile was continued in custody.
DISCUSSION
T.D.W. was initially taken into custody on September 17, 2008. “Custody” is not a defined term in Title VIII (Delinquency) of the Children’s Code; see La. Ch. C. art. 804. La. Ch. C. art. 812 provides:
A. A child may be taken into custody pursuant to an order of the court under this Title or pursuant to the laws governing arrest.
B. The taking of a child into custody is not an arrest, except for the purpose of determining its validity under the Constitution of the United States or the Constitution of Louisiana.
Because T.D.W. was taken into custody following a verified complaint, La. Ch. C. art. 813 applies; that article provides, in part:
A. The court may issue an order directing that a child be taken into custody upon presentation to the court of a written statement of facts sworn to before an officer authorized by law to administer oaths, by a peace officer, probation officer, district attorney, or other person designated by the court alleging facts showing that there is probable cause to believe either that:
(1) The child has committed a delinquent act.
Jl * *
B. The verified complaint shall be filed with the clerk of court. If it is filed after the child has been taken into custody, the complaint shall indicate whether the child was released to his parents or continued in custody.
C.An order directing that a child be taken into custody may be executed by a peace officer.... The officer shall promptly notify the child’s parents that their child has been taken into custody. The officer shall also promptly conduct the child to the appropriate facility in accordance with Article 815.
Under La. Ch. C. art. 813(C) and La. Ch. C. art. 815(B), T.D.W. was taken to a juvenile detention facility because she was accused of a felony-grade delinquent act.
On September 22, 2008, the court held a hearing to determine T.D.W.’s status. La. Ch. C. art. 817, entitled “Release from custody,” provides, in part:
A. As soon as practicable after a child is received by a juvenile detention center or shelter care facility, the court or a probation officer employed and authorized by the court, upon determining it to be appropriate, shall release the child to the care of his parents or other relatives upon their written promise to bring him to court at such times as may be fixed by the court. The court may also impose reasonable restrictions upon the child’s travel, place of abode, association with other people, or employment during the period of this release.
B. If the court finds that these conditions are insufficient to assure the presence of the child at later proceedings, the court may require the posting of bail in accordance with Chapter 6 of this Title.
C. If the court finds that release under neither Paragraph A or B of this Article is appropriate, it may authorize the continued custody of a child pending a hearing in accordance with Chapter 5 of this Title.
*89 At the September 22, 2008, hearing, the court ordered the child released from the juvenile detention facility and further ordered that she live | swith her grandmother, under very severe and thoughtful conditions, pursuant to the authority granted the court by La. Ch. C. art. 817(A). No evidence was taken and no bail was required. The trial court never concluded that it would “authorize the continued custody” of T.D.W.
The continued custody provision of La. Ch. C. art. 817(C) is to ensure the juvenile’s presence in court for future hearings. In the instant case, the court opted not to continue T.D.W. in the custody of the state. If the court had decided not to release T.D.W. to her grandmother’s care, La. Ch. C. art. 819 would have been triggered; that article — the first article of Chapter 5 of Section VIII of the Children’s Code — provides:
If a child is not released to the care of his parents, a hearing shall be held by the court within three days after the child’s entry into the juvenile detention center or shelter care facility. If the hearing is not held, the child shall be released unless the hearing is continued at the request of the child.
The “hearing” described in this article is a continued custody hearing. Although the parties and the trial court called the September 22, 2008, hearing in this case a continued custody hearing, it was not such a hearing. Article 820 defines a continued custody hearing as one where “the state shall prove that there is probable cause that the child has committed a delinquent act or has violated a condition of his probation or release.” At the September 22, 2008, hearing, there was no determination that there was probable cause to believe that T.D.W. had committed a delinquent act, the child was not read her rights, and neither the state nor the child produced witnesses. La. Ch. C. art. 821. Hence, the hearing of September 22, 2008, |nwas not a “continued custody hearing” within the meaning of Chapter 5 of Title VIII of the Children’s Code.
Because there was never a determination in 2008 that there was probable cause to believe that T.D.W. had committed a delinquent act, the trial court would not have been empowered to keep the child in custody under La. Ch. C. art. 822. That article allows the court to keep juveniles in custody in a variety of settings, including “in a private home subject to the supervision of the court [.]”
Since there was never a determination of probable cause in 2008, the child’s status after that hearing was that she had been released from custody, subject to restrictions per La. Ch. C. art. 817(A), into the care of a relative.
La. Ch. C. art. 843, part of Chapter 9 of Title VIII, provides:
A. If a child is continued in custody prior to adjudication, the delinquency petition shall be filed within forty-eight hours of the hearing to determine continued custody.
B. If no petition is filed within the applicable time period, the child shall be released.
Because T.D.W. was not “continued in custody” within the meaning of Chapter 5 of Title VIII of the Children’s Code, La. Ch. C.art. 843 does not apply to her case. None of the other articles in Chapter 9 of Title VIII specify a time limit for filing a petition when the child is not continued in custody.
La. Ch. C. art. 877 provides:
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
|10B. If the child is not continued in custody, the adjudication hearing shall *90 commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
This article governs the time period in which the adjudication hearing must be held subsequent to the filing of a petition for delinquency, but it does not address in any way the timing of the filing of that petition.
The question then is what is the applicable delay permitted for the state to institute prosecution after the initial taking of a child into custody under La. Ch. C. arts. 812 and 813. La. Ch. C. art. 104 provides, in part:
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.
La. Ch. C. art. 803 provides:
The provisions of this Title shall govern and regulate delinquency proceedings of courts exercising juvenile jurisdiction. Where procedures are not provided in this Title, or otherwise by this Code, the court shall proceed in accordance with the Code of Criminal Procedure.
La. R.S. 14:34.7, the felony delinquent act of which T.D.W. is accused, provides in part, with our emphasis added:
B. Whoever commits the crime of aggravated second degree battery shall be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years, or both.
La.C.Cr.P. art. 572(A)(2), provides:
|nA. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed: (2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
Thus, the state had four years from the date of the alleged delinquent act to file the petition accusing T.D.W. of delinquency. The reasoning and result in State ex rel. C.M., supra, apply to this case.
CONCLUSION
Because the release of the juvenile to her grandmother, even under restrictions allowed by La. Ch. C. art. 817(A), is a release from custody, we find that the prosecutor’s petition charging T.D.W. as a delinquent was timely filed. Accordingly, the judgment of the district court is reversed and the matter remanded for further proceedings.
DECREE
REVERSED AND REMANDED.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules-Courts of Appeal, the initials of the juvenile involved in this matter will be used instead of her name.

. Filed under Juvenile Docket No. 6848, Claiborne Parish, Louisiana.

. Note this in-court comment of the assistant district attorney, at the September 22, 2008, proceeding, with our emphasis added:
And, your Honor, at this time, this matter is before the Court for a continued custody hearing on the offense of aggravated second degree battery, and the State would recommend that we, at this time, dispense with any type of continued custody hearing, and we’d just ask that the Court release the juvenile to return home[.]

. The petition was filed under Docket No. 7036-JD. On December 14, 2009, both docket numbers were combined under No. 6848-JD.